IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SCOTT GOOLD,

        Plaintiff pro se,

vs.

THE CITY OF ALBUQUERQUE, THE
MAYOR of the CITY OF ALBUQUERQUE,
PLANNING DEPARTMENT of the CITY
OF ALBUQUERQUE, OFFICE OF
NEIGHBORHOOD COORDINATION of the     No. CIV 03-199 MV/RLP
CITY OF ALBUQUERQUE, and
MARTIN CHAVEZ, VICTOR CHAVEZ,
HERBERT HOWELL, MARGARET
GARCIA, STEPHANI WINKLEPLECK,
GREG PAYNE, SETH HEATH, DONNA
CALDWELL and AMY HLAD, in their
individual capacities, and DOES 1-10,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendants Seth Heath, Donna Caldwell and Amy Hlad's Motion to Dismiss Plaintiff's First Amended Complaint **[Doc. No. 24]** and Memorandum in Support thereof **[Doc. No. 25]**, filed March 31, 2003. The Court, having considered the motion, briefs, relevant law and being otherwise fully informed, finds that the motion is well-taken and will be **GRANTED.**

## BACKGROUND

Plaintiff Scott Good was elected President of the now defunct New Holiday Park Neighborhood Association (NHPNA or association) of Albuquerque in about May 2002. Defendants Seth Heath, Donna Caldwell and Amy Hlad are Plaintiff's neighbors and, at the time

of the events in question, held the positions of Vice President, Secretary and Treasurer in the association. Plaintiff's amended complaint indicates that differences in the operation and governance of the association arose between him and these Defendants. The disputes ranged from what address would be used as the NHPNA mailing address to whether the by-laws of the association ought to be amended. According to Plaintiff's amended complaint, the divide grew as differences between the political views of Plaintiff and several of the Defendants came to light during NHPNA meetings. As a result, as early as November 9, 2002, Defendant Heath requested that the association discuss removing Plaintiff from his post as President. That same month, divisions intensified further after Plaintiff and several Defendants who were members and/or officers of the NHPNA expressed disagreement over whether certain amendments to the association by-laws could be made and after the association was notified by Defendant Victor Chavez, Plaintiff's supervising Planning Director, that the association might be violating Albuquerque codes pertaining to "Recognized Neighborhood Associations." Plaintiff alleges that Defendant V. Chavez also informed him that various officers of the NHPNA had complained that Plaintiff was interfering with the ability of the association to function. Thereafter, Plaintiff met with Defendant Heath to discuss these complaints.

In December 2002, Plaintiff, along with Defendants V. Chavez, Greg Payne (city councilmember), Caldwell and Hlad, was informed the NHPNA was not in compliance with Albuquerque's Neighborhood Recognition Ordinance and therefore was losing its Recognition "R" status until proof of compliance was tendered. After Plaintiff met with Defendant Heath, NHPNA attempted to reapply for Recognition "R" status with the city of Albuquerque. In January 2003, when Plaintiff inquired with city officials about the reinstatement, Defendant

Herbert Howell, who was Division Manager with the city of Albuquerque, stated that the matter had not been resolved because of a work backlog.

Based on Plaintiff's amended complaint, it appears that the tipping point in this dispute came when Plaintiff notified Defendant Martin Chavez – mayor of Albuquerque – that Plaintiff had invited David Siebers to live in his home until Siebers could find permanent residence. Soon after, Plaintiff received at least three letters from Defendant Payne asking him to revoke the invitation or, at the very least, to reconsider his decision. In late January 2003, Defendant Payne hosted a neighborhood meeting, during which time, a new neighborhood association was carved out of areas previously covered by the NHPNA. Plaintiff alleges that Defendants M. Chavez, V. Chavez, Payne, Howell and Heath created this new association. Despite Plaintiff's attempts to continue the functioning of NHPNA in the ensuing weeks, others did not cooperate.

On about January 31, 2003, Plaintiff inquired with the city of Albuquerque about NHPNA's Recognition "R" status. On about February 5, 2003, Defendants M. Chavez, V. Chavez, Howell and Winklepleck notified Plaintiff that NHPNA was defunct. On February 10, 2003, Plaintiff sent to the NHPNA membership and to Defendants Howell, M. Chavez, Payne and Hlad a letter raising the possibility of financial misappropriation by Defendant Hlad. On February 12, 2003, Defendants Heath, Caldwell Hlad and V. Chavez held a NHPNA meeting that resulted in a decision to dissolve the association and disperse its remaining assets.

On March 6, 2003, Plaintiff filed an amended complaint pro se **[Doc. No. 19]** alleging breach of contract and violations of his First and Fourteenth Amendment rights of free speech, free association and due process by Defendants. Plaintiff requests injunctive and declaratory relief against the "institutional" defendants, and compensatory and punitive damages against the

remaining defendants. On March 31, 2003, Defendants Seth Heath, Donna Caldwell and Amy Hlad filed the pending motion to dismiss the amended complaint for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**STANDARD**

The Court may dismiss a cause of action under Federal Rule 12(b)(6) for failure to state a claim only if it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim that would entitle her to relief. *Hartford Fire Ins. Co. v. California*, 509 U.S. 764, 811 (1993) (quotations and citation omitted). In considering a Rule 12(b)(6) motion, the Court must assume all well-pleaded facts to be true and must draw all reasonable inferences in favor of the plaintiff. *Housing Auth. of the Kaw Tribe v. City of Ponca City,* 952 F.2d 1183, 1187 (10th Cir. 1991). The determinative issue in reviewing the sufficiency of a complaint is not whether the plaintiff will prevail ultimately, but whether the plaintiff is entitled to offer evidence in support of her claim. *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974).

These deferential rules do not allow the Court to assume that a plaintiff "can prove facts that [the plaintiff] has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters,* 459 U.S. 519, 526 (1983). "[G]ranting a motion to dismiss is 'a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice.'" *Cayman Exploration Corp. v. United Gas Pipe Line Co.,* 873 F.2d 1357, 1359 (10th Cir. 1989) (quoting *Morgan v. City of Rawlins,* 792 F.2d 975, 978 (10th Cir. 1986)).

The Court notes that Plaintiff is proceeding in the present case pro se. Although "pro se

pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers, [a pro se plaintiff] must nonetheless set forth sufficient facts" to support her claims. *Diaz v. Paul J. Kennedy Law Firm*, 289 F.3d 671, 674 (10th Cir. 2002). The proper function of the Court is not to "assume the role of advocate for the pro se litigant." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## DISCUSSION

### A. Breach of Contract claim

Plaintiff's breach of contract claim is based on allegations that the Defendants obstructed and/or thwarted Plaintiff's attempts to regain Recognition "R" status for NHPNA. However, nowhere in the amended complaint has Plaintiff alleged facts indicating that a contract was at issue in this dispute. Indeed, the Court is hard pressed to say who the parties to this alleged contract were, let alone what the subject matter of the alleged contract was. Assuming Plaintiff is attempting to claim that some agreement existed between NHPNA and the city of Albuquerque as to the existence of the association, the Court cannot find any factual assertions suggesting that these groups engaged in any negotiations or communications regarding a possible agreement, that they expressed any intent to enter into any agreement, or that any contract arose as a result of the parties' conduct. Accordingly, Defendants Heath, Caldwell and Hlad's motion to dismiss as to Count IV, the breach of contract claim, is hereby granted.

### B. Section 1983 claims

To establish a viable § 1983 claim, a plaintiff must allege that defendants (a) acted under color of state law (b) to deprive her of a constitutional right. *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1237 (10th Cir. 1999). In cases where the alleged violation is of

the Fourteenth Amendment or of rights incorporated into the Fourteenth Amendment, the "challenged conduct must constitute state action" as well. *Tool Box v. Ogden City Corp.*, 316 F.3d 1167, 1175 (10th Cir. 2003). However, the Supreme Court has held that "the under-color-of-state-law requirement does not add anything not already included with the state-action requirement of the Fourteenth Amendment." *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 935 & n.18 (1982).

Thus, in ruling on Defendants' Rule 12(b)(6) motion to dismiss Plaintiff's § 1983 claims, the Court must determine whether Plaintiff can prove any set of facts showing that Defendants Heath, Caldwell and Hlad proceeded as "state actors" when they allegedly deprived him of his constitutional rights to free speech, free association, and due process.

The Supreme Court has outlined a two-part inquiry for determining whether challenged conduct constitutes state action. First, "the deprivation must [have been] caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is responsible." *Lugar*, 457 U.S. at 937. Second, "the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Id.*

Plaintiff's amended complaint fails to make any allegations that, if proven, would satisfy the first part of this inquiry. In Count I, Plaintiff appears to raise a claim of retaliation in violation of his rights to free speech. Defendants' allegedly unlawful acts in relation to this count involve denying Plaintiff the right to be recognized as President of NHPNA. In Count II, Plaintiff claims he was deprived of due process when Defendants allegedly violated various provisions of the Albuquerque city code governing the recognition of and elections in neighborhood associations. In Count III, Plaintiff claims his right to free association was violated by Defendants' "wrongful"

removal of Plaintiff from his position as President of NHPNA and their "wrongful" dissolution of NHPNA, actions allegedly also in contravention of Albuquerque ordinances.

Plaintiff does not claim that Defendants Heath, Caldwell and Hlad took action as state officials or employees. Nor does he otherwise allege facts indicating that the State was somehow responsible for their actions. Plaintiff's allegations thus resemble that part of the complaint that was dismissed by the Supreme Court in *Lugar* for failing to allege state action, as required for a § 1983 claim. In *Lugar*, the plaintiff argued his due process rights were violated by the defendants' "malicious, wanton, willful, opressive [sic], [and] unlawful" acts. *Lugar*, 457 U.S. at 940 (quotations omitted). In dismissing that count for failure to state a claim upon which relief could be granted, the Supreme Court explained as follows:

> By "unlawful," petitioner apparently meant "unlawful under state law." To say this, however, is to say that the conduct of which petitioner complained could not be ascribed to any governmental decision; rather, respondents were acting contrary to the relevant policy articulated by the State. Nor did they have the authority of state officials to put the weight of the State behind their private decision, *i.e.*, this case does not fall within the abuse of authority doctrine recognized in *Monroe v. Pape,* 365 U.S. 167 (1961). That respondents invoked the statute without the grounds to do so could in no way be attributed to a state rule or a state decision.

*Id.*

This analysis applies with equal force to Plaintiff Good's amended complaint. Under even the most generous reading, Plaintiff fails to allege that the actions of Defendants Heath, Caldwell or Hlad are attributable to some official policy, decision or law. Thus, even if Plaintiff were permitted to proceed with his suit and was able to establish that the conduct complained of actually occurred, the actions of Defendants Heath, Caldwell and Hlad would describe only private action undertaken without any official direction, sanction or counsel.

To the extent that Plaintiff is alleging that Defendants Heath, Caldwell and Hlad were state actors because they were officers of NHPNA, Plaintiff's claim also fails. The Supreme Court made clear in *Moose Lodge No. 107 v. Irvis*, 407 U.S. 163, 177 (1972) that the "operation of the regulatory scheme enforced by the Pennsylvania Liquor Control Board [did] not sufficiently implicate the State in the discriminatory guest policies of Moose Lodge to ... make the latter 'state action'" for purposes of a § 1983 claim alleging a Fourteenth Amendment violation. Similarly, assuming that Plaintiff is arguing that NHPNA, by virtue of its official recognition under Albuquerque regulations or ordinances, is a state actor and association officials are therefore also state actors, his claim must be denied.

Because Plaintiff has failed to set forth any allegations that, if proven, would indicate that Defendants Heath, Caldwell and Hlad's actions may be "fairly attributable" to the state, the Court must dismiss Counts I, II and III of the amended complaint as brought against these Defendants.

**IT IS THEREFORE ORDERED** that Defendants Seth Heath, Donna Caldwell and Amy Hlad's Motion to Dismiss Plaintiff's First Amended Complaint **[Doc. No. 24]** is hereby **GRANTED.** To the extent Plaintiff's First Amended Complaint brings suit against these Defendants, it is dismissed.

Dated this 8th day of December, 2003.

_____
MARTHA VAZQUEZ
CHIEF UNITED STATES DISTRICT JUDGE

Attorney for Plaintiff:
Scott Good, *pro se*

Attorney for Defendant:
Patrick Joseph Rogers